NO









NO. 12-03-00294-CV

 

                 IN
THE COURT OF APPEALS

 

      TWELFTH COURT OF
APPEALS DISTRICT

 

                           TYLER, TEXAS

 

 

                                                                             '     APPEAL FROM THE 

 

THE
STATE OF TEXAS FOR THE 

BEST INTEREST AND PROTECTION       '     COUNTY COURT OF

OF
A.R.F.

 

                                                                             '     CHEROKEE COUNTY,
TEXAS

 





                                                      MEMORANDUM
OPINION

Appellant A.R.F. appeals from an order for temporary
in-patient mental health services and an order to administer psychoactive
medication.  In five issues, A.R.F.
asserts federal and state due process and equal protection violations and also
challenges the legal sufficiency of the evidence to support the medication
order.  We affirm.

 

                                                                Background

On August 14, 2003, an application for court-ordered
temporary mental health services was filed requesting the court commit A.R.F.
to Rusk State Hospital for a period not to exceed ninety days.  The application was supported by two
certificates of medical examination for mental illness, each of which was
prepared by a physician.  One week later,
an application was filed requesting the court compel A.R.F. to take certain
psychoactive medications.  On August 26,
2003, after a hearing without a jury, the court granted the application for
court-ordered temporary mental health services. 
The order signed by the court includes findings that A.R.F. is mentally
ill and that he is likely to cause serious harm to others.  The order further provides that A.R.F. be
committed to Rusk State Hospital for a period not to exceed ninety days.  The court then heard the application for an
order to administer psychoactive medication.








Dr. Charles Plyler, A.R.F.=s
treating physician, testified at the hearing. 
Dr. Plyler stated that A.R.F. had refused to accept the prescribed
medications voluntarily and that he believes A.R.F. lacks the capacity to make
a decision regarding the administration of psychoactive medication.  At the time the application was filed, A.R.F.=s diagnosis was bipolar I, manic, with
psychotic features.  At the time of the
hearing, however, A.R.F.=s
diagnosis was schizoaffective disorder, which is similar.  According to Dr. Plyler, the medications
specified in the application are the proper course of treatment for A.R.F.  He hopes that A.R.F. will be benefitted by
the medications.  He testified that the
benefits outweigh the risks and that the medications would shorten A.R.F.=s stay at Rusk State Hospital.

On cross-examination, Dr. Plyler admitted that A.R.F.
takes an anti-psychotic medication that another physician prescribed for
him.  A.R.F. signed a written consent for
that medication and the hospital is relying on the consent to administer the
medication.  The doctor also testified
that A.R.F. has been tried on Anumerous
other medications@ prior to
his current hospitalization, but without success. Therefore, Dr. Plyler  concluded that there is no alternative to the
use of psychoactive medications.

A.R.F. testified that he is taking an anti-psychotic
medication every day.  He does not want
to take the medications Dr. Plyler seeks to administer because he does not know
what the medications will do to him. 
However, A.R.F. is willing to take his Aoutside@ physician=s
advice about the medications because he trusts him.  He stated that taking medication not
prescribed by his Aoutside@ physician is against his will.

At the conclusion of the hearing, A.R.F.=s counsel moved for a directed
verdict.  The court denied the motion and
signed an order authorizing the administration of three specified classes of
psychoactive medication.  This appeal
followed.

 

                                                Constitutional
Violations

In his first and second issues, A.R.F. contends the
trial court erred in rendering judgment in violation of state and federal
guarantees of due process.  He asserts
that certain terms found in section 574.034 of the Health and Safety Code are
overly broad, vague, and ambiguous so the statute is susceptible to a variety
of interpretations, making it violative of the due process clause of each
constitution.  In his third and fourth
issues, A.R.F. argues that application of section 574.034 results in a
violation of his right to equal protection under both the state and federal
constitutions.








Immediately
prior to the hearings, A.R.F. complained to the trial court that section
574.106 of the Health and Safety Code is unconstitutional in that it violates
his state and federal constitutional rights to due process and equal
protection.  He made no complaint about
section 574.034.  A constitutional claim
must have been asserted in the trial court to be raised on appeal.  Dreyer v. Greene, 871 S.W.2d
697, 698 (Tex. 1993).  Therefore, A.R.F.
has not preserved these complaints for review. 
We overrule A.R.F.=s
issues one, two, three, and four.

 

                                                  Sufficiency
of the Evidence

In
his fifth issue, A.R.F. contends that the evidence is legally insufficient to
support the court=s order
for administration of psychoactive medication. 


Applicable
Law and Standard of Review

A
trial court may issue an order authorizing the administration of one or more
classes of psychoactive medications if the court finds by clear and convincing
evidence that: (1) the patient is under an order for temporary or extended
mental health services; (2) the patient lacks the capacity to make a decision
regarding the administration of the proposed medicine; and (3) treatment with
the proposed medicine is in the best interest of the patient.  Tex.
Health & Safety Code Ann. ' 574.106(a)
(Vernon 2003).  ACapacity@ is defined as a patient=s ability to: (1) understand the nature
and consequences of a proposed treatment, including the benefits, risks, and
alternatives to the proposed treatment; and (2) make a decision whether to
undergo the proposed treatment.  Id.
' 574.101(1).  In deciding whether to authorize psychoactive
medication, the trial court shall consider: (1) the patient=s expressed preferences regarding
treatment with psychoactive medication; (2) the patient=s
religious beliefs; (3) the risks and benefits, from the perspective of the
patient, of taking the psychoactive medication; (4) the consequences to the
patient if the psychoactive medication is not administered; (5) the prognosis
for the patient if the patient is treated with the psychoactive medication; and
(6) alternatives to treatment with psychoactive medications.  Id. ' 574.106(b).








In
a legal sufficiency review where the burden of proof is clear and convincing
evidence, we must look at all the evidence in the light most favorable to the
finding to determine whether a reasonable trier of fact could have formed a
firm belief or conviction that its findings were true.  In re J.F.C., 96 S.W.3d 256,
266 (Tex. 2002).  We must assume that the
fact finder settled disputed facts in favor of its finding if a reasonable fact
finder could do so and disregard all evidence that a reasonable fact finder
could have disbelieved or found incredible. 
Id.  This does not
mean that we are required to ignore all evidence not supporting the finding
because that might bias a clear and convincing analysis.  Id.

Analysis

Dr.
Plyler stated that A.R.F. refuses to take his medication voluntarily and, in
his opinion, A.R.F. lacks the capacity to make a decision regarding the
administration of such medication.  He
also stated that treatment with the medications indicated on the application is
the proper course of treatment for A.R.F. and in his best interest.  He said he hoped A.R.F. would benefit from
their use and that the benefits outweigh the risks.  Dr. Plyler also testified that A.R.F.=s stay in the hospital would likely be shortened
with the use of these medications. 
Finally, the doctor testified that there are no alternatives to the use
of psychoactive medications.

A.R.F.
testified that taking medicine prescribed by Dr. Plyler is against his
will.  He also said that he does not
object to taking medicine prescribed by his personal physician and has signed a
consent to be administered that medication.

Dr.
Plyler=s
testimony encompassed the factors in Section 574.106 except A.R.F.=s religious beliefs.  A.R.F. presented no testimony on that
factor.  The trial court is not required
to defer to A.R.F.=s
preference on whether to take the medications prescribed by Dr. Plyler.  Moreover, the trial court could have
reasonably concluded that A.R.F.=s
willingness to consent to a previously prescribed medication did not indicate
that he had Acapacity@ to make a medication decision as that
term is defined in Section 574.101(1). 
Therefore, we conclude that the trial court met the obligations imposed
on it by Section 574.106.  We overrule
A.R.F.=s fifth
issue.

 

                                                                    Conclusion

A.R.F.=s constitutional complaints have not
been preserved, and the evidence is legally sufficient to support the order for
administration of psychoactive medication. 
We affirm the trial court=s
orders of commitment for temporary mental health services and for
administration of psychoactive medication.

 

     JAMES T. WORTHEN    

     Chief Justice

Opinion delivered May 19, 2004.

Panel
consisted of Worthen, C.J., Griffith, J. and DeVasto, J.

 

 

 

                                                                        (PUBLISH)